**In the Matter of Marc M. SCOLA.**

**No. 734 Disciplinary Docket No. 3.**

Supreme Court of Pennsylvania.

April 19, 2002.

*ORDER*

PER CURIAM.

AND NOW, this 19th day of April, 2002, a Rule having been entered by this Court on March 11, 2002, pursuant to Rule 214(d)(1), Pa.R.D.E., directing Marc M. Scola to show cause why he should not be placed on temporary suspension and no response thereto having been filed, it is hereby

ORDERED that the Rule is made absolute; Marc M. Scola is placed on temporary suspension and he shall comply with all the provisions of Rule 217, Pa.R.D.E.; and the matter is referred to the Disciplin-

and that he be subjected to performance evaluations.

7. Of particular note are the averments made by Respondent regarding his conduct (his lapse into alcoholism) and the events which he alleges occurred after the filing of the within petition as well as his request that he be put on administrative leave for 120 days to enable him to confirm to the appropriate officials of the Administrative Office and/or the Judicial Conduct Board his fitness for reinstatement and resumption of his judicial duties. We view the procedures governing

the Board as established in the constitution and rules of procedure as uniquely geared toward evaluating these collateral issues.

For example, Article V, Section 18(a)(9) specifies that where the Board finds probable cause to file formal charges concerning a mental or physical disability, the Board can, *inter alia,* provide a judicial officer with the opportunity to enter a rehabilitation program. Likewise, Rule 34 of the Rules of Procedure governing the Judicial Conduct Board sets forth a procedure in this regard.

ary Board pursuant to Rule 214(f)(1), Pa. R.D.E.